**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NAVIGARE CRUISE PARTNERS, LLC, 20807 Biscayne Boulevard, Suite 10 Aventura, FL 33180, <br><br> Plaintiff, <br><br> v. <br><br> SMALL BUSINESS ADMINISTRATION, 409 3rd Street, SW Washington, DC 20416, <br><br> ISABELLA CASILLAS GUZMAN, Administrator, Small Business Administration, 409 3rd Street, SW Washington, DC 20416, <br><br> Defendants. | Civil Action No. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Navigare Cruise Partners, LLC ("NCP" or the "Company"), by and through its attorneys, alleges and states as follows:

**INTRODUCTION**

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by

the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. NCP, a live venue operator that puts on live concerts and other performances on cruise ships, demonstrated its eligibility for a SVOG award in an application to the SBA and, following an initial denial, a subsequent appeal to the SBA. The SBA denied NCP's initial application and subsequent appeal.

4. Compounding the injury to NCP, the SBA granted the SVOG applications of direct competitors of the Company and awarded those businesses SVOG funds that the companies can use to compete with NCP.

5. The COVID-19 pandemic has had a devastating impact on NCP, forcing it to cancel all of its performances between March 2020 and the date of this filing, and lose 100% of its revenue while still maintaining its full complement of employees and some of its contractors. NCP needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live venue operators like NCP recover from an extremely long period without earned revenue caused by the pandemic.

6. Further, SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though NCP demonstrated that it is an eligible live venue operator, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of NCP's application.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

8. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

9. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

10. Plaintiff Navigare Cruise Partners, LLC is a live venue operator. NCP rents performance space on cruise ships originating in the United States and hosts live concerts and other live performances in performance spaces throughout each cruise ship. On a cruise themed "The 80s Cruise", NCP hosts live concerts by bands ranging from Belinda Carlisle and Berlin, to stars such as Huey Lewis and Kenny Loggins. On a themed "Star Trek: The Cruise", NCP creates an immersive interactive experience with famous actors from the Star Trek series, including William Shatner, Kate Mulgrew, Wil Wheaton, and George Takei, "in-character" with live performances on stages and in venues throughout the cruise ship.

11. Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build, and grow businesses.

12. Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

**BACKGROUND**

A.  **Shuttered Venue Operators Grant Program**

13. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues and entities impacted by shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No. 117-2 § 5005(a).

14. SVOG awards may be used for specified business expenses, including payroll, rent and utility payments that are incurred between March 1, 2020, and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

15. An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019. 15 U.S.C. § 9009a(c). For entities that started operations before February 29, 2020 but did not receive earned revenue until the first quarter of 2020, the SBA stated in Frequently Asked Questions (FAQs) the following:

> Firms not in operation in 2019 may qualify for an SVOG if their gross earned revenues for the second, third, or fourth quarter of 2020 demonstrate a reduction of not less than 25% from their gross earned revenue for the first quarter of 2020. For firms that had commenced start-up operations but were unable to open as anticipated due to the pandemic, they would only be eligible under this alternate method if they had earned revenue in the first quarter of 2020 from sources such as advance ticket sales, merchandising, etc.

https://www.sba.gov/sites/default/files/2021-10/10-20-21%20SVOG%20FAQ%20FINAL_508_final.pdf (SBA FAQ #88).

16. Entities not in operation in 2019, are also eligible for a supplemental grant if the entity's revenue during the first quarter of 2021 does not exceed more than 30% of the revenue the entity received during the first quarter of operation. https://www.sba.gov/sites/default/files/2021-10/10-20-21%20SVOG%20FAQ%20FINAL_508_final.pdf (SBA FAQ # 243). Supplemental

awards are in the amount of 50 percent of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million. 15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees. Supplemental awards can be used for costs incurred through June 30, 2022. 15 U.S.C. § 9009a(d)(1)(A)(i).

17. Eligible entities under the Act include live venue operators, as well as live venue promoters, live performing arts organization operators, theatrical producers, museum operators, motion picture theater operators, and talent representatives. 15 U.S.C. § 9009a(a)(1)(A).

18. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange or presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

19. The Act defines live venue operator to include an entity that as a principal business activity organizes, promotes, produces or hosts "events by performing artists" for which there is a ticketed cover charge, performers are paid a guaranteed amount by contract, and not less than 70 percent of revenue is generated through ticket sales or event beverages, food or merchandise. 15 U.S.C. § 9009a(a)(3)(A)(i).

20. The Act specifies that for a live venue operator (as well as a live venue promoter, live venue operator or theatrical producer), it must have additional characteristics. It must organize, promote, produce or hosts events with defined performance and audience spaces; use

mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media.  15 U.S.C. § 9009a(a)(1)(A)(iii).

### B. NCP's SVOG Application and the SBA's Denial

21. On August 8, 2021, NCP applied for a SVOG award of $7,964,288.50.

22. In its application, NCP demonstrated that it satisfied the criteria for eligibility as a live venue operator or promoter.  It also submitted certifications of eligibility required by the SBA's guidance on SVOG applications.

23. On August 16, 2021, NCP learned from the SBA's SVOG portal that its application was denied.  The portal's denial notice gave no explanation of the reason why the SBA found NCP ineligible.

24. On August 23, 2021, NCP submitted an administrative appeal of the denial to the SBA and specified that it was eligible for a SVOG award as a live venue operator.  Because the denial included no explanation, NCP's appeal elaborated on why it satisfies all of the criteria for eligibility as a live venue operator.  NCP explained in detail and with supporting documentation how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for live venue operator.

25. The documents NCP submitted to the SBA include:  federal tax returns; social media marketing materials; venue maps and diagram; invoices for lighting, audio and staging; contracts with performers; and a personnel list including sound and stage manager.

26. NCP's appeal also provided the names and award amounts of the following direct competitors with similar or identical business models that received SVOG awards: Legendary Rhythm & Blues Cruise LLC; Premier Christian Cruises, Inc.; Inspiration Cruises & Tours, Inc.; Rose Tours & Travel, Inc.; Perdido Queen Cruises, LLC; and Concerts at Sea, LLC.

27. On October 26, 2021, the SBA notified NCP by email that its appeal was denied. The email listed a standard set of the reasons an appeal could be denied, and stated that NCP's appeal was declined "at least in part" based on reason 10. Reason 10 is listed as "Did not meet the principal business activity standard for the entity type under which applied." The email then provided a boilerplate statement:

> Please note the list provided in this email may not be a comprehensive list of reasons for your decline. To receive additional information as to why your SVOG application was declined, please complete this form (direct link: https://forms.office.com/g/B7DeKGgF1z). The SBA will aim to provide this more specific detail on appeal declines once the SVOG initial application reviews are complete.

28. The SBA's October 26, 2021 denial of NCP's appeal is the agency's final decision.

## CLAIMS FOR RELIEF

29. The courts recognize a strong presumption favoring judicial review of administrative action.

30. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

31. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

32. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

33. The SBA is an "agency" whose final actions are reviewable under the APA.

### COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION

34. NCP realleges and incorporates by reference each of the preceding paragraphs and allegations.

35. A basic requirement of administrative law is that an agency provide the reasons for its decisions. However, the SBA gave no reason for denying NCP's application, and provided only a conclusory decision that does not explain the agency's reasoning when it denied NCP's appeal.

36. The SBA further erred by treating NCP disparately from similarly situated direct competitors that were granted SVOG awards. Specifically, the SBA approved the SVOG applications of six live venue operators/promoters that similarly lease space on cruise ships for live performances: Legendary Rhythm & Blues Cruise LLC; Premier Christian Cruises, Inc.; Inspiration Cruises & Tours, Inc.; Rose Tours & Travel, Inc.; Perdido Queen Cruises, LLC; and Concerts at Sea, LLC.

37. That the SBA granted SVOG awards to multiple live venue operators or promoters that host live performances on cruise ships further evidences NCP's qualification as a live venue operator.

38. The SBA's decision on NCP's SVOG application also conflicts with the evidence the Company presented of its eligibility for a SVOG award as a live venue operator.

39. For all of these reasons, the SBA's denial of NCP's SVOG award request is arbitrary and capricious.

## COUNT II - AGENCY ACTION CONTRARY TO LAW

40. NCP realleges and incorporates by reference each of the preceding paragraphs and allegations.

41. NCP meets the Act's definition of live venue operator and satisfies the Act's general eligibility criteria for a SVOG award.

42. The SBA's denial of NCP's SVOG award request therefore violated the Act and is contrary to law.

## COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

43. NCP realleges and incorporates by reference each of the preceding paragraphs and allegations.

44. The SBA's denial of NCP's SVOG award request is supported by no evidence in the record, let alone substantial evidence. NCP's application and appeal presented evidence that demonstrates NCP is eligible for a SVOG award.

45. The SBA's denial of NCP's SVOG award request is thus unsupported by substantial evidence.

## PRAYER FOR RELIEF

For the foregoing reasons, NCP respectfully requests that this Court:

1. Declare unlawful and set aside Defendants' denial of NCP's SVOG award request.

2. Preliminarily and permanently order Defendants to consider NCP's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3. Preliminarily and permanently order Defendants to award NCP $7,964,288.50 in SVOG funds.

4. Preliminarily and permanently order Defendants to grant NCP a supplemental SVOG award of $2,035,711.50.

5. Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial and supplemental grant awards.

6. Award Plaintiffs their costs and reasonable attorney fees; and

7. Grant such other and further relief as the Court deems just and proper.

Dated: January 26, 2022

Respectfully submitted,

/s/ Caroline L. Wolverton
_____
Angela B. Styles
D.C. Bar No. 448397
Caroline L. Wolverton
D.C. Bar No. 496433
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006
(202) 887-4000

*Counsel for Plaintiff Navigare Cruise Partners, LLC*